**UNITED STATES DISTRICT COURT**          **SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **EMILY MCNAMARA,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> **GLOBAL LENDING SERVICES LLC** <br><br> *Defendant.* | **CIVIL ACTION NO.** |

**CLASS ACTION COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

1.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      The TCPA also restricts non-robocalls.

3.      "Telemarketing calls are also intrusive. A great many people object to these calls and messages, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the

law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

4.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…[P]rivate suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer,* 925 F.3d at 649-50.

5.      Emily McNamara ("Plaintiff" or "Ms. McNamara") brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Global Lending Services LLC ("Defendant" or "Global Lending") sent robocalls and telemarketing calls to individuals who has asked to no longer receive such calls.

6.    Because telemarketing calls can be made to thousands or even millions of individuals, Plaintiff brings this action on behalf of proposed nationwide Class of other persons who were sent similar calls.

7.    A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

8.    Plaintiff Emily McNamara is a Texas resident in this District.

9.    Defendant Global Lending Services LLC is a limited liability company.

## Jurisdiction & Venue

10.    The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

11.    The Court has specific personal jurisdiction over the Defendant because Defendant delivered, or caused to be delivered, the subject calls to Plaintiff's cellular telephone in this district, and Plaintiff received the subject calls in this district.

12.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the calls at issue were sent into this District.

## Factual Allegations

13.    Global Lending markets and sells automotive services to individuals.

14.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

15.    Plaintiff's telephone number is (409) 500-XXXX.

16.    Plaintiff uses this telephone number for personal, residential and household purposes.

17.     Plaintiff's telephone number is not associated with any business, nor does Plaintiff use the number for business purposes.

18.     Plaintiff has been the sole owner of the cellular telephone number since May 2025.

19.     Plaintiff has never been a customer of Defendant and has never consented to receive telephone calls from Defendant.

20.     Despite this, Plaintiff received a call from Defendant on September 22, 2025, at 1:20 p.m. from telephone number (866) 242-3315.

21.     Defendant called Plaintiff again on her cellular telephone on September 26, 2025, at 1:56 p.m. from telephone number (866) 242-3315.

22.     In an attempt to get the phone calls to stop, Plaintiff called Defendant on September 26, 2025, at telephone number (866) 242-3315.

23.     Plaintiff informed a representative of Defendant that she was not the individual they were trying to reach and requested to be added to Defendant's Do Not Call list.

24.     Despite this, Defendant called Plaintiff again on her cellular telephone October 8, 2025, at 10:55 a.m. from telephone number (866) 242-3315.

25.     In a second attempt to get the phone calls to stop, Plaintiff called Defendant on October 8, 2025, at telephone number (866) 242-3315.

26.     Plaintiff again informed a representative of Defendant that she was not the individual they were trying to reach and made a second request to be added to Defendant's Do Not Call list.

27.     Despite this, Defendant continued to call Plaintiff on her cellular telephone from (866) 242-3315 on the following dates and times:

- October 14, 2025, at 11:17 a.m.

4

- October 20, 2025, at 10:06 a.m.

- October 24, 2025, at 3:35 p.m.

- October 30, 2025, at 11:13 a.m.

- November 5, 2025, at 11:48 a.m.

- November 11, 2025, at 10:47 a.m.

- November 17, 2025, at 10:50 a.m.

28.     On November 18, 2025, Plaintiff personally listed her cellular telephone number, (409) 500-XXXX, on the National Do-Not-Call Registry.

29.     Despite this, Defendant called Plaintiff again on her cellular telephone on November 28, 2025, at 12:47 p.m. from telephone number (866) 242-3315.

30.     Additionally, Defendant left Plaintiff voicemails from telephone number (866) 242-3315, including on the following dates:

- September 22, 2025, at 1:20 p.m.

- September 26, 2025, at 1:56 p.m.

- October 8, 2025, at 10:55 a.m.

- October 14, 2025, at 11:17 a.m.

- October 20, 2025, at 10:06 a.m.

- October 24, 2025, at 3:35 p.m.

- October 30, 2025, at 11:13 a.m.

- November 5, 2025, at 11:48 a.m.

- November 11, 2025, at 10:47 a.m.

- November 17, 2025, at 10:50 a.m.

- November 28, 2025, at 12:47 p.m.

31. Each of the voicemails played one of the below messages.

**Message 1**

This is a message for Stephanie Taylor. This is Charisse from Global Lending Services. Tiny followers work at (877) 298-1345 and you will be in the office until 8 p.m. Eastern Standard Time. Hello this is Global Lending Services please return our call at your earliest convenience and request to speak with an available associate our number is (877) 298-1345 our hours of operation are Monday through Thursday 8 a.m. to 8 p.m. Eastern Standard Time, Friday 8 a.m. to 7 p.m. Eastern Standard Time and Saturday 8 a.m. to 12 p.m. Eastern Standard Time. To respond in writing our mailing address is attention customer relations PO Box 10437 Greenville, South Carolina 29607. Thank you.

**Message 2**

This is a message for Stephanie Taylor. This is Joan from Global Lending Services. Please call us back 1 (877) 298-1345. Our office is open until 8 p.m. Eastern Standard Time. Again, please call us back at (877) 298-1345. Thank you.

**Message 3**

Since it's for Stephanie Taylor the saddle with Global Lending Services. Please call us back at 1 (877) 298-1345 our office is open until 8 p.m. Eastern Standard Time. Again, please call us back 1 (877) 298-1345. Thank you.

**Message 4**

Our number is (877) 298-1345. Our hours are Monday through Thursday, 8 a.m. to 8 p.m. Eastern Standard Time, Friday, 8 a.m. to 7 p.m. Eastern Standard Time, and Saturday 8 a.m. to 12 p.m. Eastern Standard Time. To respond in writing, our mailing address is Attention Customer Relations PO Box 10437 Greenville, South Carolina 29607. Thank you.

**Message 5**

Hello, am I speaking to Stephanie Taylor? Hello, good afternoon, am I speaking with Stephanie Taylor? Hello? Hello? Hello? No valid response, I will be disconnecting the call. Hello, this is Global Lending Services. Please return our call at your earliest convenience and request to speak with an available associate. Our number is (877) 298-1345. Our hours of operation are Monday through Thursday, 8 a.m. to 8 p.m. Eastern Standard Time, Friday, 8 a.m. to 7 p.m. Eastern Standard Time, and Saturday 8 a.m. to 12 p.m. Eastern Standard Time. To respond in writing, our mailing address is Attention Customer Relations PO Box 10437 Greenville, South Carolina 29607. Thank you.

**Message 6**

Hello this is a message for Stephanie Taylor this is Paul from Global Lending Services. Please call us back at 1 (877) 298-1345. Our office is open until 8 p.m. Eastern Time.

**Message 7**

This message is for Stephanie Taylor this is George Global Lending Services please call us back at 1 (877) 298-1345 our office is open until 8:00 p.m. Eastern Standard Time. Again, please call us back at 1 (877) 298-1345. Thank you

**Message 8**

This message is for Stephanie Taylor this is… from Global Lending Services. Please call us back at 1 (877)298-1345 our office is open until 8:00 p.m. Eastern Standard Time. Again, please call us at 1 (877) 298-1345. Thank you.

32.    On information and belief, the messages left on October 14, 2025, and November 5, 2025, utilized prerecorded artificial intelligence technology due to the unnatural cadence of the delivery and the impersonal, generic messages.

33.    Each of the above-described calls were placed to Plaintiff for the purpose of soliciting Defendant's loan services.

34.    Plaintiff and other individuals who received Defendant's telemarketing suffered an invasion of privacy and were harassed by the conduct of Defendant.

## Class Action Allegations

35.    As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of Class of all other persons or entities similarly situated throughout the United States:

> **Prerecorded Voice Class**: All persons in the United States (1) whose telephone number (2) received one or more telephone calls from, or on behalf of, Defendant (3) during a 12-month period, (4) within four years prior to the commencement of this litigation and up until the date of trial, and (5) when the telephone call used a prerecorded or artificial voice.

> **Internal Do-Not-Call Registry Class**: All persons in the United States (1) whose telephone numbers received two or more telephone calls from, or on behalf of, Defendant (2) during a 12-month period, (3) within four years prior to the commencement of this litigation and up until the date of trial, (4) and who had previously requested for the telephone calls to stop.

36.     Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

37.     The Classes, as defined above, are identifiable through telephone records and telephone number databases.

38.     The potential members of the Classes likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

39.     Individual joinder of these persons is impracticable.

40.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

41.     Plaintiff is a member of the Classes and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the class members.

42.     Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

43.     This class action complaint seeks injunctive relief and money damages.

44.     There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

    a.  Whether Defendant systematically used systems to send calls using artificial or pre-recorded voices;

    b.  whether Defendant systematically made multiple telephone calls to members of the Do Not Call Stop Class;

     c.   whether Defendant made calls to Plaintiff and members of the Classes without

          first obtaining prior express written consent to make the calls; and

     d.   whether members of the Classes are entitled to treble damages based on the

          willfulness of Defendant's conduct.

45.     Plaintiff's claims are typical of the claims of the Classes, as they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

46.     Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interests of the Classes, she will fairly and adequately protect the interests of the Classes, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

47.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

48.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters

illegal activities. There will be no significant difficulty in the management of this case as a class action.

49.      Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Prerecorded Call Class)**

50.      Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

51.      The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

52.      The Defendant's violations were negligent, willful, or knowing.

53.      As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

54.      Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting

10

on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any

protected telephone number in the future.

## SECOND CAUSE OF ACTION
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d)
### (On Behalf of Plaintiff and Internal Do-Not-Call Registry Class)

55.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by

reference herein.

56.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or

other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency

purposes, to Plaintiff and members of the Do Not Call Stop class.

57.     Defendant's violations were negligent, willful, or knowing.

58.     As a result of Defendant's, and/or its affiliates, agents, and/or other persons or

entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the Do Not Call Stop Class are presumptively entitled to an award of between $500

and $1,500 in damages for each call made.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the

following relief:

A.     Certification of the proposed Classes;

B.     Appointment of Plaintiff as representative of the Classes;

C.     Appointment of the undersigned counsel as counsel for the Classes;

D.     An award to Plaintiff and the Classes of damages, as allowed by law; and

E.    Orders granting such other and further relief as the Court deems necessary, just,

and proper.

## DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.


RESPECTFULLY SUBMITTED AND DATED this December 16, 2025.

*/s/ Anthony Paronich*
Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100
anthony@paronichlaw.com

Carly M. Roman *(pro hac vice forthcoming)*
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611-7502
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
croman@straussborrelli.com

*Attorneys for Plaintiff and the Proposed Class*