

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EMILY MCNAMARA, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>GLOBAL LENDING SERVICES LLC,<br><br>     Defendant. | § § § § § § § § § § § § § | **Civil Action No. 4:25-cv-06058** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
GLOBAL LENDING SERVICES, LLC TO FIRST AMENDED COMPLAINT**

Defendant Global Lending Services LLC ("GLS"), through its counsel and pursuant to the Federal Rules of Civil Procedure, hereby answers Plaintiff Emily McNamara's ("Plaintiff's") First Amended Class Action Complaint and Demand for Jury Trial ("Complaint") and states as follows:

1.     Paragraph 1 contains legal conclusions to which no response is required. To the extent Paragraph 1 requires a response, GLS denies any allegations inconsistent with applicable law. To the extent Paragraph 1 asserts violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), GLS denies the allegations and demands strict proof thereof.

2.     Paragraph 2 contains legal conclusions to which no response is required. To the extent Paragraph 2 requires a response, GLS denies the allegations and demands strict proof thereof.

3.     GLS admits only that Plaintiff purports to assert claims under the TCPA. GLS otherwise denies the allegations in Paragraph 3 and demands strict proof thereof.

4.      Paragraph 4 contains legal conclusions to which no response is required. To the extent Paragraph 4 requires a response, GLS denies the allegations and demands strict proof thereof.

## Parties

5.      GLS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 and therefore, denies the allegations and demands strict proof thereof.

6.      Admitted.

## Jurisdiction & Venue

7.      Paragraph 7 contains legal conclusions to which no response is required. To the extent Paragraph 7 requires a response, GLS denies any allegations inconsistent with applicable law.

8.      Paragraph 8 contains legal conclusions to which no response is required. To the extent Paragraph 8 requires a response, GLS denies any allegations inconsistent with applicable law. GLS otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore, denies the allegations and demands strict proof thereof.

9.      Paragraph 9 contains legal conclusions to which no response is required. To the extent Paragraph 9 requires a response, GLS denies any allegations inconsistent with applicable law. GLS otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore, denies the allegations and demands strict proof thereof.

**Factual Allegations**

10.    GLS denies the allegations in Paragraph 10 and demands strict proof thereof.

11.    Paragraph 11 contains legal conclusions to which no response is required. To the extent Paragraph 11 requires a response, GLS denies any allegations inconsistent with applicable law. GLS otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore, denies the allegations and demands strict proof thereof.

12.    GLS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore, denies the allegations and demands strict proof thereof.

13.    GLS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 and therefore, denies the allegations and demands strict proof thereof.

14.    GLS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 and therefore, denies the allegations and demands strict proof thereof.

15.    GLS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 and therefore, denies the allegations and demands strict proof thereof.

16.    GLS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and therefore, denies the allegations and demands strict proof thereof.

17.    GLS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 and therefore, denies the allegations and demands strict proof thereof.

18.    GLS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and therefore, denies the allegations and demands strict proof thereof.

19.    GLS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and therefore, denies the allegations and demands strict proof thereof.

20.    GLS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and therefore, denies the allegations and demands strict proof thereof.

21.    GLS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and therefore, denies the allegations and demands strict proof thereof.

22.    GLS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and therefore, denies the allegations and demands strict proof thereof.

23.    GLS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and therefore, denies the allegations and demands strict proof thereof.

24.     GLS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and therefore, denies the allegations and demands strict proof thereof.

25.     GLS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and therefore, denies the allegations and demands strict proof thereof.

26.     GLS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and therefore, denies the allegations and demands strict proof thereof.

27.     GLS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and therefore, denies the allegations and demands strict proof thereof.

28.     Paragraph 28 contains legal conclusions to which no response is required. To the extent Paragraph 28 requires a response, GLS denies any allegations inconsistent with applicable law. GLS otherwise denies the allegations in Paragraph 28 and demands strict proof thereof.

29.     GLS denies the allegations in Paragraph 29 and demands strict proof thereof.

### Class Action Allegations

30.     Paragraph 30 contains legal conclusions to which no response is required.  To the extent Paragraph 30 requires a response, GLS admits only that Plaintiff purports to bring claims on behalf of a putative class.  GLS denies the remaining allegations in Paragraph 30 and demands strict proof thereof. GLS further denies this action can or should proceed as a class action and that the class pleaded by Plaintiff can be certified.

31.    Paragraph 31 contains legal conclusions to which no response is required. To the extent Paragraph 31 requires a response, GLS denies the allegations and demands strict proof thereof. GLS further denies this action can or should proceed as a class action and that the class pleaded by Plaintiff can be certified.

32.    Paragraph 32 contains legal conclusions to which no response is required.  To the extent Paragraph 32 requires a response, GLS denies the allegations and demands strict proof thereof.  GLS further denies this action can or should proceed as a class action and that the class pleaded by Plaintiff can be certified.

33.    GLS denies the allegations in Paragraph 33 and demands strict proof thereof.  GLS further denies this action can or should proceed as a class action and that the class pleaded by Plaintiff can be certified.

34.    Paragraph 34 contains legal conclusions to which no response is required. To the extent Paragraph 34 requires a response, GLS denies the allegations and demands strict proof thereof.

35.    Paragraph 35 contains legal conclusions to which no response is required.  To the extent Paragraph 35 requires a response, GLS denies the allegations and demands strict proof thereof.  GLS further denies this action can or should proceed as a class action and that the class pleaded by Plaintiff can be certified.

36.    Paragraph 36 contains legal conclusions to which no response is required.  To the extent Paragraph 36 requires a response, GLS denies the allegations and demands strict proof thereof.  GLS further denies this action can or should proceed as a class action and that the class pleaded by Plaintiff can be certified.

37.    GLS denies the allegations in Paragraph 37 and demands strict proof thereof.

38.    GLS admits only that Plaintiff purports to seek injunctive relief and money damages on behalf of a putative class. GLS otherwise denies the allegations in Paragraph 38 and demands strict proof thereof. GLS further denies this action can or should proceed as a class action, that the class pleaded by Plaintiff can be certified, and that Plaintiff and any member of the putative class is entitled to injunctive or monetary relief.

39.    Paragraph 39 contains legal conclusions to which no response is required. To the extent Paragraph 39 requires a response, GLS denies the allegations and demands strict proof thereof. GLS further denies this action can or should proceed as a class action and that the class pleaded by Plaintiff can be certified.

40.    Paragraph 40 contains legal conclusions to which no response is required. To the extent Paragraph 40 requires a response, GLS denies the allegations and demands strict proof thereof. GLS further denies this action can or should proceed as a class action and that the class pleaded by Plaintiff can be certified.

41.    Paragraph 41 contains legal conclusions to which no response is required.  To the extent Paragraph 41 requires a response, GLS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 and therefore, denies the allegations and demands strict proof thereof.

42.    Paragraph 42 contains legal conclusions to which no response is required. To the extent Paragraph 42 requires a response, GLS denies the allegations and demands strict proof thereof. GLS further denies this action can or should proceed as a class action and that the class pleaded by Plaintiff can be certified.

43.    Paragraph 43 contains legal conclusions to which no response is required. To the extent Paragraph 43 requires a response, GLS denies the allegations and demands strict proof

thereof. GLS further denies this action can or should proceed as a class action and that the class pleaded by Plaintiff can be certified.

44.     Paragraph 44 contains legal conclusions to which no response is required. To the extent Paragraph 44 requires a response, GLS denies the allegations and demands strict proof thereof. GLS further denies this action can or should proceed as a class action and that the class pleaded by Plaintiff can be certified.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

45.     GLS incorporates each of the above responses as if fully set forth herein.

46.     GLS denies the allegations in Paragraph 46 and demands strict proof thereof.

47.     GLS denies the allegations in Paragraph 47 and demands strict proof thereof.

48.     GLS denies the allegations in Paragraph 48 and demands strict proof thereof.  GLS further denies this action can or should proceed as a class action and that the class pleaded by Plaintiff can be certified.

49.     GLS denies the allegations in Paragraph 49 and demands strict proof thereof.  GLS further denies this action can or should proceed as a class action and that the class pleaded by Plaintiff can be certified.

**RESPONSE TO PRAYER FOR RELIEF**

GLS denies that Plaintiff and any member of the putative class are entitled to the relief requested herein and demands strict proof thereof.  GLS further denies this action can or should proceed as a class action and that the class pleaded by Plaintiff can be certified.

## RESPONSE TO JURY DEMAND

This paragraph contains legal conclusions to which no response is required. To the extent a response is required, GLS admits only that Plaintiff demands a jury, but denies any allegations inconsistent with applicable law, and otherwise leaves Plaintiff to her proofs regarding whether any issues pleaded herein are triable by jury.

**WHEREFORE**, GLS demands judgment in its favor, together with such other relief as the Court deems just and proper.

## DEFENSES

Without admitting any of the allegations in Plaintiff's Complaint, GLS asserts the following defenses and affirmative defenses. By asserting the defenses below, GLS does not in any way agree or concede that Plaintiff has properly stated a claim or that GLS has the burden of proof or persuasion with respect to any of its defenses. GLS further denies that Plaintiff may maintain this action as a class action or that any putative class is entitled to relief.

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's and the putative class members' claims are barred by the doctrine of waiver.

### Third Defense

Plaintiff's and the putative class members' claims are barred by the doctrines of estoppel, including equitable, collateral, and judicial estoppel.

### Fourth Defense

Plaintiff's and the putative class members' claims are barred by the doctrine of laches.

**Fifth Defense**

Plaintiff and the putative class have not experienced any injury or damages because of any alleged action and/or inaction of GLS.

**Sixth Defense**

Plaintiff's and the putative class members' claims are barred because, if Plaintiff or the putative class members were damaged, which GLS expressly denies, said damages were caused by the actions or omissions of Plaintiff's and/or the putative class members' agents, or employees, or by third parties over which GLS had no responsibility or control.

**Seventh Defense**

GLS was not the proximate cause of any alleged damage to Plaintiff and/or the putative class members.

**Eighth Defense**

Some or all the claims asserted in the Complaint are barred by the doctrine of unclean hands to the extent that Plaintiff's and/or the putative class members' own actions are the cause of the damages alleged in the Complaint.

**Ninth Defense**

The Complaint is barred because Plaintiff and the putative class members have not been injured at all as a result of GLS's alleged action or failure to act.

**Tenth Defense**

At all times, GLS acted in good faith and with legitimate business justification and/or in a manner that was otherwise privileged.

## Eleventh Defense

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrines of acquiescence, ratification and res judicata.

## Twelfth Defense

At all times, GLS complied with all statutes, regulations, or other laws in effect at the time of the conduct alleged.

## Thirteenth Defense

If the Court finds that consent is a defense rather than an element of Plaintiff's claims, the applicable statutes and/or rules and regulations at issue, including, but not limited to, the TCPA and its attendant rules and regulations, bar the claims of Plaintiff and any putative class members who provided consent to receive any call(s) at issue, or who otherwise gave permission as to or requested to receive any call(s) and Plaintiff's and putative class members' claims are barred by prior express consent, invitation or permission and prior express written consent. GLS pleads this defense without conceding that it is an affirmative defense, or a defense on which GLS bears the burden of proof, rather than an element of Plaintiff's claim on which Plaintiff bears the burden of proof as part of Plaintiff's case in chief.

## Fourteenth Defense

Plaintiff's and some or all the putative class members' claims are barred to the extent that they did not adequately revoke prior express consent. GLS pleads this affirmative defense without conceding that it is, in fact, an affirmative defense, or a defense on which GLS bears the burden of proof, rather than an element of Plaintiff's claim on which Plaintiff bears the burden of proof as Plaintiff's case in chief.

**Fifteenth Defense**

If GLS performed any wrongful acts, which is specifically denied, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly.

**Sixteenth Defense**

Plaintiff and the putative class members lack Article III standing to bring or maintain the claims asserted in the Complaint because they have not experienced an injury or harm that is concrete or real, or that is otherwise sufficient to confer standing.

**Seventeenth Defense**

To the extent that Plaintiff or the putative class members experienced any injury or damages, they were the result of an intervening and/or superseding cause for which GLS cannot be held legally responsible.

**Eighteenth Defense**

GLS has established and implemented, with due care, reasonable and adequate practices and procedures to effectively prevent telephone calls in violation of the TCPA.

**Nineteenth Defense**

The Complaint fails to satisfy the requirements for class action treatment as prescribed by Federal Rule of Civil Procedure 23 and applicable case law.

**Twentieth Defense**

GLS denies each and every material allegation of the Complaint as they relate to the request for class certification, and objects to class certification on the following grounds:

1. The Complaint fails to adequately define any class of persons who could properly maintain this action as a class action;

12

2. GLS's time-based defenses, such as statutes of limitations, mandate the denial of class certification;

3. The putative class is not ascertainable;

4. A Rule 23(b)(2) class is inappropriate because GLS has not acted or refused to act on grounds that apply generally to the proposed class;

5. A Rule 23(b)(3) class is inappropriate because individualized issues predominate over common questions and because of manageability and superiority issues;

6. Lack of commonality of questions of law;

7. Lack of commonality of questions of fact;

8. Lack of typicality;

9. Lack of adequacy of representation;

10. Lack of requirements for certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure;

11. Lack of requirements for certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

12. Individual issues predominate over common issues;

13. A class action is not superior to other available methods for the fair and efficient adjudication of this controversy; and

14. There are difficulties that are likely to be encountered in the management of a class action.

<h3 style="text-align:center"><u>Twenty-First Defense</u></h3>

A class cannot be certified under the allegations of the Complaint because the class definition as pleaded creates an impermissible "fail safe" class and is not ascertainable.

### Twenty-Second Defense

This action cannot be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because: (a) the questions of law and fact are not common to the class members, and the legal and factual issues differ from class member to class member; (b) the claims or defenses of the representative parties are not typical of the claims or defenses of the putative class; and (c) Plaintiff will not fairly and adequately protect the interests of the class.

### Twenty-Third Defense

Some or all of the claims asserted in the Complaint are barred by the filing of prior bankruptcy proceedings, by the failure to list these claims as assets of a bankruptcy estate, by failing to contest creditors' proofs of claim, and by the confirmation of any plans of reorganization, which serves as res judicata to the claims asserted in this case.

### Twenty-Fourth Defense

Plaintiff's proposed class definition defines an unascertainable class without the requirement of individual mini trials.

### Twenty-Fifth Defense

Some or all the claims are barred because any number called was not a cell phone number.

### Twenty-Sixth Defense

Some or all of Plaintiff's and the putative class members' claims are barred due to reasonable reliance on consent provided.

### Twenty-Seventh Defense

This action cannot be maintained as a class action to the extent that it deprives GLS of its due process rights to assert individualized defenses to claims of class members.

14

**Twenty-Eighth Defense**

To the extent that some or all the putative class members have outstanding balances that are subject to counterclaims, class certification is inappropriate.

**Twenty-Ninth Defense**

Plaintiff's and the putative class members' claims are barred by and/or subject to the terms of agreement(s) with GLS and/or enforceable by GLS.

**Thirtieth Defense**

Plaintiff's and the putative class members' claims are barred by their own actions and/or inactions.

**Thirty-First Defense**

Plaintiff's and the putative class members' claims are barred, in whole or in part, to the extent that any message featuring a prerecorded or artificial voice did not actually play.

**Thirty-Second Defense**

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that Plaintiff and the putative class members are not a "called party" within the meaning of the TCPA.

**Thirty-Third Defense**

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that the alleged telephone calls at issue are excepted from and/or do not fall within the purview of the TCPA.

**Thirty-Fourth Defense**

Plaintiff's claims, and the claims of the putative class members, are barred to the extent that they did not hear any message played.

15

### Thirty-Fifth Defense

GLS adopts and asserts all affirmative defenses available under the TCPA and its attendant rules and regulations.

### Thirty-Sixth Defense

GLS is shielded from liability for Plaintiff's and the putative class members' claims by the "safe harbor" provisions of the Federal Communications Commission's Reassigned Number Database.

### RESERVATION OF RIGHTS

GLS reserves the right to supplement and/or amend this answer and affirmative defenses as discovery progresses.

DATE: February 18, 2026

Respectfully submitted,

HUSCH BLACKWELL LLP

By: */s/ Sabrina A. Neff*

Sabrina A. Neff
State Bar No. 24065813
sabrina.neff@huschblackwell.com
600 Travis St., Suite 2350
Houston, Texas 77002
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile

**ATTORNEYS FOR DEFENDANT**
**GLOBAL LENDING SERVICES LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February  2026, a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT GLOBAL LENDING SERVICES, LLC TO FIRST AMENDED COMPLAINT was filed with the Court through the electronic filing system, which will automatically serve electronic notice of the same on all counsel of record.

By: */s/ Sabrina A. Neff*
Sabrina A. Neff