United States District Court
Southern District of Texas
**ENTERED**
March 25, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Emily McNamara, individually and on behalf of all others similarly situated,

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 4:25-cv-06058

*Plaintiff,*

v.

Global Lending Services, LLC,

*Defendant.*

## ORDER ON BIFURCATED DISCOVERY

In a March 23, 2026 letter, the parties submitted a dispute over whether discovery should be bifurcated in this putative class-action suit under the Telephone Consumer Protection Act ("TCPA"). According to Defendant Global Lending Services, LLC ("GLS"), discovery should initially be limited to the question of whether a safe harbor defense, 47 C.F.R. § 64.1200(m), bars Plaintiff's claim before proceeding with discovery on other issues. Plaintiff disagrees, asserting that GLS's defense implicates broader company-wide policies and practices that overlap with liability and class certification questions, which counsels against bifurcation.

The Court is not convinced that bifurcated discovery is warranted. Confining discovery to that affirmative defense, and only as it applies to

Plaintiff alone, is inherently skewed. Doing so would thwart Plaintiff's ability to probe certain actions and procedures that could be pertinent to the defense's application both to Plaintiff, specifically, and on a class-wide basis. And the overlap between Plaintiff-specific and class-wide evidence militates against bifurcation.

Moreover, GLS has other procedural avenues to achieve its goal. GLS already has the information underlying its affirmative defense. Its recourse is to produce that information promptly and submit a summary judgment motion on the issue—just as has stated it intends to do.[1] It can also request that discovery be stayed pending resolution of the motion, provided that good cause exists. Those "procedural options exist that could resolve [Plaintiff's] claims and cut off prolonged discovery" all without bifurcation. *Garza v. Universal Healthcare Servs., Inc.*, 2017 WL 11646817, at *2 (S.D. Tex. May 17, 2017) (denying bifurcated discovery; noting the defendant "is free to urge" its position on threshold issues by filing a dispositive motion but declining to stay discovery "especially in the absence of a motion seeking such relief").

Instead, GLS's request for bifurcation essentially asks this Court to presuppose—without any proof—that the safe-harbor defense is so meritorious

---

[1] Be advised that this Court will not entertain serial summary-judgment motions on the same issues. As a result, a prematurely filed motion, if denied on its merits, will foreclose the movant from seeking the same relief later.

and conclusive that nothing else should be touched.  That puts the cart before the horse.

Accordingly, GLS's request to bifurcate discovery is **DENIED**.

Signed on March 25, 2026, at Houston, Texas.

_____

Yvonne Y. Ho
United States Magistrate Judge