**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**AT HOUSTON**

| | |
|---|---|
| **EMILY MCNAMARA,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**GLOBAL LENDING SERVICES LLC**<br><br>Defendant. | No. 4:25-cv-06058<br><br>Magistrate Judge Yvonne Y. Ho |

## JOINT STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Confidentiality and Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secrets or other confidential research, technical, cost, price, marketing, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

THEREFORE:

### DEFINITIONS

1.    The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2.    The term "materials" will include, but is not limited to: documents;

correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; account information; customer records and information; financial records and information; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes; reports; instructions; disclosures; logs; other writings; models and prototypes and other physical objects.

3.      The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified as follows: Husch Blackwell LLP, Strauss Borelli PLLC, and Paronich Law P.C. Counsel also includes in-house attorneys for Defendant.

## GENERAL RULES

4.      Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

a.      Designation as "CONFIDENTIAL": Any party may only designate documents or other information as "CONFIDENTIAL" if the designating party has an articulable, good faith basis to believe that each document or other information designated as confidential qualifies for protection under Federal Rule of Civil Procedure 26(c).

b.      Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial, personal identifying, or other commercial information.

5.      In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR

2

COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6.     Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

a.     the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party will have until 14 calendar days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

b.     the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraph 9 below; and

c.     only the portions or pages of deposition transcripts designated as containing confidential information shall be marked "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and any confidential testimony that is ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.     All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with

this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.      Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in Paragraph 3) of the receiving party, and by independent experts who execute the Acknowledgement and Agreement to be Bound attached hereto as Exhibit A.

9.      Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in Paragraph 3) of the receiving party, by independent experts, by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A:

a)      Executives, agents, and designated representatives who are participating in decisions with reference to this action;

b)      Technical personnel of the parties with whom counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

c)      Stenographic and clerical employees associated with the individuals identified above.

10.     With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11.     All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL-FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in Paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12.     Before any materials produced in discovery, answers to interrogatories or requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and

4

control of the document, if different from opposing counsel. If the application to file a document designated as confidential under seal is being made by the non-designating party, then, upon request, the designating party must promptly provide the applicant with a legal basis for the confidential designation to include in the application. If opposing counsel, or the person or entity that has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

13.     No party may file any document under seal, except pursuant to a court order that authorizes the filing of the document, or portion of the document, under seal. A sealing order will issue only upon a showing that the information is privileged or protectable under the law. The party seeking to file under seal must limit its sealing request to the specific portion of the document that contains the confidential or privileged material.

14.     At any stage of the proceedings, any party may object to a designation of materials as confidential information. The objecting party must notify the designating party, in writing, of the materials objected to and the ground(s) for the objection. In response, and in writing, the designating party must promptly provide the objecting aparty with the legal basis for the confidential designation. Thereafter, lead counsel (or attorneys with full authority to make decisions and bind the client without later seeking approval from a supervising attorney) must promptly meet and confer. If the dispute is not resolved within seven (7) days of receipt of the objections, and after counsel have thoroughly and completely met and conferred, the parties must submit a letter to the magistrate judge to explain the dispute and the parties' respective positions. The materials at issue must be treated as confidential until the Court has ruled on the objection or the matter has been otherwise resolved.

15.     All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s)

receiving the unauthorized disclosure.

16.    No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

17.     If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.

18.    Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product, or on any other basis.

19.    Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

20.    This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure or other applicable law.

21.    Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

22.    Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents

filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

23.    Absent an *ex parte* motion made within 10 calendar days of the termination of the case, the parties understand that the Court will destroy any confidential documents in its possession.

24.    If a producing party thereafter claims that such material is protected by any privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the producing party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding. The Court shall provide the maximum protection allowed by Federal Rule of Evidence 502(d).

25.    Any producing party may request, in writing, the return of any Disclosed Protected Information by identifying it and stating the basis for withholding such material from production. The producing party must also provide a privilege log explaining the basis for the assertion of the privilege within 3 court days of asserting the right to clawback materials.

26.    Federal Rule of Civil Procedure 26(B)(5)(b) shall govern the clawback of Disclosed Protected Information. If a producing party requests the return of such Disclosed Protected Information then in the custody of one or more parties, the receiving parties shall—unless it contests the claim of attorney-client privilege or work product protection– within 14 court days of receipt of written notice (i) destroy or return to the producing party the Disclosed Protected Information and all copies thereof, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed.

27.    The parties agree to meet and confer regarding any dispute as to the claim of privilege. If, at the conclusion of the meet and confer process, the parties are still not in agreement, they may bring the issue to the Court. A party challenging a clawback request under this paragraph may use the clawed-back document and its contents for the purpose of filing a motion with the Court under seal that challenges whether or not the document is privileged or work product only

in accordance with the provisions of Federal Rule Civil Procedure 26(b)(5)(B).

28.     The producing party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an in camera review of the Disclosed Protected Information.

29.     Without waiving the ability to challenge a request to clawback Disclosed Protected Information, a party who discovers that it may have received an inadvertently disclosed or produced protected material must promptly notify the producing party. A party who is notified or discovers that it may have received a protected document must comply with Federal Rule Civil Procedure 26(b)(5)(B).

30.     The restrictions and obligations set forth within this Order will not apply to any information that:

(a) the parties agree should not be designated confidential information;

(b) the parties agree, or the Court rules, is already public knowledge;

(c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or

(d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

31.     The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

32.     Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

33.     This Order may be modified by agreement of the parties, subject to approval by the Court.

34.      The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

35.     Without separate court order, this Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Date:  June 15, 2026

*/s/ Carly M. Roman*
Carly M. Roman (*pro hac vice*)
**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
croman@straussborrelli.com

Anthony I. Paronich
**PARONICH LAW, PC**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
T: 617-485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff and Putative Class*

Date:  June 15, 2026

*/s/ Colleen K. Fox*
Colleen K. Fox (*pro hac vice*)
Ryan L. DiClemente (*pro hac vice*)
Sabrina Anne Neff
**HUSCH BLACKWELL LLP**
1801 Pennsylvania Ave. NW, Suite 4000
Washington, DC 20006
T: 202-378-5794
F: 202-378-2319
colleen.fox@huschblackwell.com
ryan.diclemente@huschblackwell.com
sabrina.neff@huschblackwell.com

*Counsel for Defendant*

**PURSUANT TO STIPULATION, <u>IT IS SO ORDERED.</u>**

IT IS SO ORDERED this _____ day of _____, 2026.

By:     _____
          HONORABLE MAGISTRATE JUDGE YVONNE Y. HO

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ (name), of _____ (address), declare under penalty of perjury that I have read in its entirety and understand the Protective Order ("Order") that was issued by the United States District Court for the Southern District of Texas on _____ (date), in the case of *Emily McNamara v. Global Lending Services LLC*, Civil Action No. 4:25-cv-06058.  I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity, except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Texas for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

Name: _____

Signature: _____

Date: _____

10